WILLIAM M. HENCH, RELATOR, v. CITY OF EAST ORANGE, DEFENDANT.

Argued February term, 1924—Decided June 14, 1924.

Ordinances—Zoning—Erection of Garage—Validity of Ordinance Considered—Nutley Case Considered—Judgment for City.

On demurrer to writ of alternative *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the relator, *Howe & Davis.*

For the defendant, *Walter C. Ellis.*

PER CURIAM.

This application for a peremptory *mandamus* is based upon a demurrer to a writ of alternative *mandamus*. The facts presented are that the relator, desiring to construct two automobile garages, on a lot of land owned by him in the city of East Orange, consisting, approximately, of two hundred and five feet by one hundred and ten feet, which garages are constructed of concrete and intended for the accommodation of sixteen automobiles, applied to the building inspector of the city for the necessary permission, which was refused, upon the ground that the construction proposed would violate the zoning ordinance of the city.

It is contended on the part of the relator that, under the doctrine contained in some of our decisions, the zoning ordinance is invalid. We are not, however, upon this application, concerned with the question of the validity of the entire ordinance. The question presented substantially is reduced to the inquiry whether the ordinance is invalid so far as it prohibits the relator from erecting on this property sixteen separate garages, to be erected under two roofs. Such is the proposal as stated in the brief of counsel.

The statute under which the zoning ordinance was passed authorizes the municipalities to pass such ordinances as may be reasonably required for the protection of the health, safety or general welfare of the public. The presumption is in favor of the conclusion that the purpose of the governing body was that indicated in the statute, and, so far as the ordinance affects the rights of the owner of a given piece of property, the burden rests upon him to show that the ordinance is not justified on any such theory, so far as his property is concerned. If it should appear from the ordinance, plus the admitted facts in a given case, that the ordinance has no such effect, its passage cannot be justified under the statute. *Ninth Street Improvement Co.* v. *Ocean City,* 90 *N. J. L.* 107: *affirmed,* 91 *Id.* 703. In that case the Supreme Court, in the last paragraph of its opinion, says: "In our judgment, the erection and management of a garage, with all its incidental dangers and inconvenience to adjoining property and public travel, are manifestly matters properly cognizable by the municipal governing body, as a subject for regulation in the public interest, under the police power expressly conferred, as, in this instance, or reasonably implied *ex necessitate* in aid of the general welfare against dangers recognized and obvious to persons and property."

The subject is also dealt with in the recent adjudication of the Court of Errors and Appeals to the same effect, involving an ordinance of the town of Nutley. *Ignaciunas* v. *Nutley,* 2 *N. J. Adv. R.* 832. It is entirely settled that an ordinance will not be held void as unreasonable, unless shown

to be unreasonable *in toto.* *Roetjgen* v. *Paterson,* 90 *N. J. L.* 698.

Therefore, if the provision attacked be valid, it is quite immaterial for the purpose of the instant case whether the remaining sections of the ordinance be legally sustainable or not.

The city is entitled to judgment on the demurrer.