MARGARET PRISCELL, RELATOR, v. CITY OF EAST ORANGE AND JOHN G. SCOTT, BUILDING INSPECTOR, RESPONDENTS.

Submitted January 28, 1927—Decided April 8, 1927.

Zoning—Gasoline Station in a Residence Section—Court has Been Uniformly Adverse to Overriding Local Authorities in the Case of Public Garages and Gasoline Stations in Districts Generally Residential.

On demurrer to return to alternative writ of *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Theodore G. Hindenlang*.

For the respondents, *Walter C. Ellis*.

PER CURIAM.

Relator desires to erect, in disregard of the local zoning ordinance, on the northeast corner of Park avenue and North Sixteenth street, East Orange, a "one-story wholly tile and stucco building for the purpose of an office for a gasoline station with a canopy for the pump island."

The premises are in the "large volume residence district" which assimilates the case in that particular to *Long* v. *Scott,* 4 *N. J. Mis. R.* 587; 133 *Atl. Rep.* 767, which case, also involving a gasoline station, arose in the same municipality, on the same street, about half a mile to the westward.

The surroundings in the present case are different in some respects, but we learn from a stipulation of facts, which for purposes of this demurrer we treat as part of the record, that the neighborhood is entirely residential except for some half dozen buildings devoted to business purposes in whole or part.

Whatever might be said with respect to a building for ordinary mercantile purposes in this location, the court has been almost uniformly adverse to overriding the local authorities in the case of public garages and gasoline stations, with their attending fumes, noises and fire hazard, in districts generally residential. *Hench* v. *East Orange,* 130 *Atl. Rep.* 363; 2 *N. J. Mis. R.* 510. To entitle a party to a *mandamus* his legal right must be clear; and applying that rule to such a case as this, the zoning ordinance in its application to relator's case must be clearly shown to be unreasonable. We are not satisfied that it is unreasonable in this case, and this leads to a judgment overruling the demurrer and in favor of the defendants, with costs.