## McKINNEY v. CITY OF LITTLE ROCK.

4-6136                                                        146 S. W. 2d 167

Opinion delivered January 6, 1941.

*Wiley Bean* and *Charles W. Garner*, for appellant.

*Cooper Jacoway* and *Robert L. Rogers II*, for appellee.

MEHAFFY, J. This action was instituted by the appellant to restrain the appellees from enforcing the zoning ordinance No. 5420 against her property and for a mandatory order requiring the building commissioner to issue a permit for the construction of a service station on lot 6, block 9, Centennial Addition to the City of Little Rock. The appellees answered, denying the allegations of the complaint and prayed that the complaint

be dismissed. The chancery court entered an order that ordinance No. 5420 known as the Zoning Ordinance does not violate the constitution or laws of the United States or the State of Arkansas and dismissed appellant's complaint. She prosecutes this appeal to reverse the decree of the chancery court.

The appellant testified that she is the owner of the property at 1317-1319 Battery street, that had been classified under the zoning ordinance as "C" two family; that she made application to the city to erect service station on the property, and this application had been denied; that she then filed application with the city council and was advised to circulate a petition among the property owners and secured nineteen signers who were favorable to the erection of filling station, but that the furtherest signer was approximately three hundred feet from the lot, that she lived in this community for twenty years and is familiar with business establishments in the vicinity; that west of her lot on 14th street is Haley Potato Chip factory, and west of her also is a filling station, cafe, some grocery stores, and east is a bakery, barber shop, beer parlor, sausage factory, and a grocery and a tourist court directly across the street on the corner and a music conservatory directly in front of her. They teach violin and piano and in the summer time disturb her, and her tenants object to it. Haley Potato Chip factory is one hundred and fifty feet back of her on 14th Street. North of her there is a garage, three grocery stores, two filling stations, two beauty parlors, barber shop, fruit stand, cleaning establishment, and a shoe shop, all within approximately six hundred feet north of her property. The traffic on 14th street is heavy. She tried to sell her property for residential purposes, but could get no offers; had an offer for filling station purposes of $2,000.

Other witnesses testified that some of the property had been reclassified, and one witness said they had a "gentleman's agreement" to follow or vote with the councilman from that particular ward, that is, vote according to his recommendations. They did that because they felt that the alderman of that ward was in

close touch with the situation, and they usually followed his recommendation. There was considerable evidence about the traffic and the situation of the schools, and that a filling station would increase the traffic hazard near the schools, and evidence that a filling station there would decrease the value of other property. The evidence was in conflict as to the effect building a filling station there would have both on the value of the property and the traffic hazard.

This ordinance was before this court in the case of *City of Little Rock* v. *Sun Building & Development Co.*, 199 Ark. 333, 134 S. W. 2d 582, where the authorities were reviewed. In that case it was held that the ordinance was valid, but the court found that as applied to appellee's property in that case, the ordinance was unconstitutional and void and constituted the taking of property for public use without compensation. We also held in that case that the opinions of this court definitely decided the general proposition that such legislation is constitutional, but that there were limitations upon the power, and that the power is not absolute and unlimited. In that case it is quoted with approval from 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, as follows:

"Regulations, the wisdom, necessity and validity of which, as applied to existing conditions, are so apparent that they are now uniformly sustained, a century ago, or even half a century ago, probably would have been rejected as arbitrary and oppressive." This court said: "In that case the learned justice said that any line drawn or district established by a zoning ordinance was bound to elicit complaints from the owners of property near which the line was drawn, but there must be a line somewhere, that such lines often worked hardships in individual cases, but this was not a fatal objection to the creation of zoning districts, and that unless these lines might be drawn, zoning districts could not be created. He also said that the hardship which does result in some cases was offset by the privilege of living in a community whose systematic growth and development had been provided by the zoning ordinance, and that there is always a corresponding benefit to the

public at large which flows even to the individual whose land is restricted."

For cases holding that it is proper and reasonable to exclude a filling station from a zoned residential district, see the following cases: Appeal of Perrin, 305 Pa. 42, 156 Atl. 305; *Baxley* v. *Frederick,* 133 Okla. 84, 271 Pac. 257; *Priscell* v. *East Orange,* 5 N. J. Misc. 434, 136 Atl. 803; *McEachern* v. *Highland Park,* 124 Texas 36, 73 S. W. 2d 487; *McKelley* v. *Murfreesboro,* 162 Tenn. 304, 36 S. W. 2d 99; *Schumacher* v. *Union City,* 9 N. J. Misc. 492, 154 Atl. 406; *Pendarvis* v. *Orangeburg,* 157 S. C. 496, 154 S. E. 576.

Since the case above referred to where this particular ordinance was involved has thoroughly discussed and reviewed the authorities, we do not deem it necessary to discuss them further here.

The City Council passed the ordinance, application was made by the appellant for a reclassification, and after consideration by the Council this application was denied. It was then tried by the chancery court, and it held that the classification was reasonable and the lower court's decision was not against the preponderance of the evidence. Moreover, to set aside the decree and the finding of the Council would be substituting our judgment for that of the zoning authorities who are primarily charged with the duty and responsibility of determining the question. This we should not do unless we can say from the evidence that the action of the Council and the decision of the court are unreasonable and arbitrary.

The decree is affirmed.

Justice HUMPHREYS not participating.