Economy Wholesale Co., Inc. *v.* Rodgers.

5-2219                                    340 S. W. 2d 583

Opinion delivered December 5, 1960.

*C. E. Yingling, Jr.* and *Lloyd Henry,* for appellant.

*Odell Pollard* and *W. R. Hastings, Jr.,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a zoning ordinance case. The appellant, Economy Wholesale Company, Inc., filed for a building permit under Zoning Ordinance 353 of the City of Searcy to build a business building in block 24 which was classified as R-1, residential. The building was to be of modern architectural design and constructed of concrete blocks and brick. The premises were to be landscaped and no parking allowed in front of the building. The appellees, Dr. Porter Rodgers and others, filed a protest declaring that the issuance of such a permit would decrease the value of the property in the immediate vicinity for residential, church, and school purposes. Pursuant to the terms of the ordinance, a public hearing was held and at the conclusion of the hearing the city council voted to grant the permit to the appellant. The appellees filed suit in the chancery court praying for a temporary injunction and cancellation of the building permit. This was granted by the lower court. At the final hearing of the matter which extended over a three month's period during which time many exhibits and voluminous testimony were offered, the lower court issued its order, cancelling the permit and permanently enjoining the appellant from proceeding further with the construction of any building upon the property. This appeal followed.

Although numerous points are relied upon for reversal, they may be summarized in two. First, did the city council have the authority to issue the permit and, second, if it did, was there an abuse of discretion in issuance of the permit.

As to the first point, we think the city council did have the authority to issue the permit. Under Zoning

Ordinance 353 the city council is vested with the authority to issue or not to issue such building permits as it deems advisable after a public hearing. Section 4 of the Ordinance states:

"That any such petition (opposing issuance of permit) so filed shall be referred by the City Recorder to the City Council of said City and said City Council shall, at the next regular meeting following said ten day period, conduct a hearing upon the application for a permit and the petition against such permit, at which hearing the applicant and petitioners may be present. At the conclusion of such hearing the City Council may issue or refuse to issue such permit."

Under the above provision of the ordinance the city council, after a public hearing, may, as it did in this case, issue a permit for the construction of a commercial building upon property previously zoned for residential purposes. This is the same procedure as that contained in the ordinance which we approved in *Herring v. Stannus*, 169 Ark. 244, 275 S. W. 321. We cannot agree with the appellees' insistence that Section 4 of the ordinance, above quoted, is deficient in failing to set forth standards by which the city council is to be guided in issuing permits for non-conforming uses. Since the council itself issues the permit it would obviously be free to amend or repeal any standards previously adopted for its own guidance. The protesting property-owners are amply protected against arbitrary action on the part of the city council by that provision of the statute giving a right of appeal to the chancery court. Ark. Stats., § 19-2806.

The appellees also argue that Section 4 of the ordinance, above quoted, has been repealed either by Ordinance 367, establishing a city planning commission, or by Ordinances 399 and 400, approving certain plans submitted by the planning commission. We find no merit in either contention.

By its original zoning ordinance the city council elected to reserve to itself the power to issue permits

for non-conforming uses, rather than to delegate that power to a subordinate commission as it had the option of doing under the statute. Ark. Stats., § 19-2806. Later on, in 1956, the city council passed Ordinance 367, pursuant to Act 108 of 1929, and by that ordinance the council created a city planning commission. The appellees now argue that Ordinance 367 by implication repealed Section 4 of the original zoning ordinance and therefore vested in the planning commission the authority to grant permits for nonconforming uses. We think it plain, however, that there was no inconsistency between the two ordinances and therefore no repeal by implication. Ordinance 367 created a planning commission pursuant to the provisions of Act 108 of 1929, so that the commission might discharge the duties imposed upon it by that statute. Ark. Stats., §§ 19-2811 et seq. The discharge of those duties by the planning commission is not repugnant to the city council's reserved power to issue building permits, and consequently there is lacking the irreconcilable conflict between the two ordinances that would be essential to a finding of an implied repeal. "The courts have always leaned against repeals by implication, and subsequent laws do not abrogate prior ones unless they are irreconcilably in conflict." *Kendall* v. *Ramsey*, 179 Ark. 984, 19 S. W. 2d 1020.

Neither can we say that Section 4 of Ordinance 353 was repealed by Ordinances 399 and 400. These ordinances merely approved a land-use plan and related plans submitted to the city council by the city planning commission, pursuant to Act 186 of 1957. Ark. Stats., §§ 19-2825 et seq. The land-use plan, which was introduced in evidence, is plainly not a zoning ordinance. It is merely a broad declaration of policy, specifying in a general way the uses to which the land in and near the city is now being put and to which it may be put in the future. The plan does not contain exact descriptions so that a property owner may ascertain what restrictions are being placed upon his land. Indeed, the land-use plan contains none of the details that are essential to a zoning ordinance. The statute itself contemplates that

the land-use plan will be put into effect through the adoption of a subsequent zoning ordinance. Section 5 of Act 186 is entitled "Implementation of Plans," and provides in part: "Following adoption and filing of the land use plan, the planning commission may prepare for submission to the legislative body [city council] a recommended zoning ordinance for the entire area of the municipality." Ark. Stats., § 19-2829. It is undisputed that the city council of Searcy has not yet approved a zoning ordinance submitted by its city planning commission. It follows that the original zoning ordinance, under which the council acted in the case at bar, is still in full force and effect.

The only remaining question then is, has the city council acted unreasonably and arbitrarily. We hold that it did not. Photographs, plans, and traffic flow patterns introduced as exhibits, as well as the testimony, all show that the area, during recent years due to growth of the city and increased traffic, has become more and more desirable for use as commercial property and less and less as residential although the area in question contains a number of very fine and valuable homes. The property here involved fronts on East Race Street which the evidence discloses has the heaviest traffic count in the city. In fact, numerous businesses had been built in the area in question before any zoning was enacted. It should also be noted that the property in question is only a block from property zoned commercial. Several witnesses testified that the city was growing in the direction of East Race Street and the mayor testified that it was felt by the city council that the council should not impede the growth of the city and voted to issue the permit. We have held that we would not set aside the findings of a city council unless we find that the facts clearly show that the council acted unreasonably and arbitrarily. To do so would "be substituting our judgment for that of the zoning authorities who are primarily charged with the duty and responsibility of determining the question." *McKinney* v. *City of Little Rock*,

201 Ark. 618, 146 S. W. 2d; 167. In the case of *Herring.* v. *Stannus,* 169 Ark. 244, 275 S. W. 321, we said:

"As we have said it is to be presumed that the council in exercising the power conferred on it acted in a fair, just and reasonable manner and its action in the instant case indicates that the power to grant or to withhold permission to erect a forbidden structure in the restricted area was vested in the council. . . .

". . . (A)nd its action is final unless we can say that the council abused its discretion. But this discretion in so far as a discretion abides is vested in the council charged by law with the duty of passing on the question, and does not rest in the courts which review the council's action.

"The question is not what a member of the court might decide if the question were submitted to him as a matter of discretion, but rather is whether it can be said that the council abused its discretion and we may not say that was the case unless the fact clearly appears."

The language of this court in *Little Rock* v. *Pfeifer,* 169 Ark. 1027, 277 S. W. 823, is applicable here:

"There is substantial evidence tending to show that the value of some of the adjacent residence property will be depreciated on account of the lessening of usable value of the property for residence purposes, but we do not think that this affords justification for interfering with the gradual expansion of the business district, which has already been established. As the size of the business district grows, it ceases to be a residence district to that extent within the purview of the zoning ordinance. . . ."

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.