STUTTGART SHOE REAL ESTATE CORP. *v.* CITY OF

STUTTGART ET AL

5-3995                                               407 S. W. 2d 104

Opinion delivered October 24, 1966

*Macom & Moorhead,* for appellant.

*Cecil C. Matthews* and *William C. Daviss,* for appellee.

PAUL WARD, Justice. This appeal involves the validity of Zoning Ordinance No. 615 passed in 1965 by the City Council of Stuttgart.

On July 26, 1965 Stuttgart Shoe Real Estate Corporation (appellant) filed suit in chancery court against

the City and the Baldwin Oil Company, Inc. alleging, in substance, that the City acted arbitrarily in passing said ordinance which rezoned a parcel of land owned by Baldwin from B-2 classification to Industrial-1 classification, and which decreased the value of its property. The prayer was that the ordinance be declared "illegal and void," and that the same be vacated and set aside. Upon trial the court refused to grant the prayer.

For a better understanding of the issues, we set out hereafter some of the pertinent background facts.

The ordinance in question applied only to a small plot of land, owned by Baldwin, approximately 100 feet from north to south and 326.7 feet from east to west—referred to hereafter as the "subject property." Subject property is bounded on the west by Main Street and on the south by 22nd Street, which street is the south boundary of the City. Prior to 1965 the subject property (together with the property on both sides of Main Street and for several blocks north) was zoned B-2 for retail establishments and filling stations.

Abutting the subject property on the east there is a plot of ground (similar in shape and size to Baldwin's property) which is owned by appellant, and on which there is a shoe manufacturing plant. Appellant's property (together with the property to the north and east) is zoned C-1 or quiet industrial property.

After careful consideration we have concluded the decree of the trial court should be affirmed.

The record reveals that Baldwin intends to construct on subject property an aboveground gasoline storage facility with a capacity of 48,000 gallons. Appellant's principal contention appears to be that such a usage will endanger the safety of its employees, that it will increase its insurance rates, and that it will decrease the value of its property. We have concluded that the preponderance of the evidence sustains the chancellor in holding to the contrary.

As stated previously, under zoning classification B-2 Baldwin had the right to build a filling station (including underground gasoline storage tanks) on the subject property. It is undisputed that, without ordinance No. 615 Baldwin could not have constructed proposed business anywhere within the limits of the City. Also, the evidence shows that the City council thoroughly considered all the above possibilities on two or more occasions before it passed ordinance No. 615. The mayor of the City who testified in favor of rezoning said that he had talked with the Fire Department about possible dangers involved and learned it had had some trouble with underground storage tanks but knew of no trouble with the aboveground tanks. There was evidence that the installation would conform with standards required by insurance companies. Also there was evidence that the value of appellant's property would not be decreased because of the said installation.

In *McKinney* v. *City of Little Rock*, 201 Ark. 618, 146 S. W. 2d 167, the chancery court upheld Zoning Ordinance No. 5420. On appeal to this Court we affirmed the trial court, stating:

"Moreover, to set aside the decree and the finding of the Council would be substituting our judgment for that of the zoning authorities who are primarily charged with the duty and responsibility of determining the question. This we should not do unless we can say from the evidence that the action of the Council and the decision of the court are unreasonable and arbitrary."

In the case of *Economy Wholesale Co., Inc.* v. *Rodgers*, 232 Ark. 835, 340 S. W. 2d 583, in dealing with a zoning ordinance passed by the City of Searcy, we cited the *McKinney* case with approval, stating:

"We have held that we would not set aside the findings of a city council unless we find that the facts clearly show that the council acted unreasonably

and arbitrarily. To do so would 'be substituting our judgment for that of the zoning authorities who are primarily charged with the duty and responsibility of determining the question' ''.

It is our conclusion therefore that the decree of the trial court (upholding the ordinance) must be affirmed.

Affirmed.