The Honorable Kim Hendren State Representative 1501 Highway 72 Southeast Gravette, AR 72736-9438
Dear Representative Hendren:
I am writing in response to your request for an opinion on the following questions:
 1. Must a commercial development submit and receive approval of its plans from the City of Centerton before beginning construction in the city's exclusive territorial jurisdiction?
 2. If the City of Centerton has a city planning commission and has development plans for the area within five miles of its corporate limits, does the Benton County Planning Board have any authority to approve commercial developments within this area of jurisdiction?
You state in this regard that the development in question is outside the City limits but within the City's planning jurisdiction area, and that the City has prepared plans for the area.[1]
RESPONSE
With regard to your first question, it is clear that plat approval must be obtained from the City planning commission before any plat of the property can be filed of record with the county recorder. If the particular development does not involve the subdivision of property, your question may require reference to any regulations that have been enacted by the City to carry out or protect plans that have been adopted under the municipal planning statutes. It is my opinion that the answer to your second question is, generally, "no," although the County's authority to enforce a zoning ordinance in the city's growth area must be noted.
Question 1 — Must a commercial development submit and receive approval of its plans from the City of Centerton before beginning construction in the city's exclusive territorial jurisdiction?
If the development requires the filing of any plat(s) of the property, it is clear that the City planning commission must approve the plat(s) in accordance A.C.A. § 14-56-417 (c), which states:
 Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the planning commission.
The City's "territorial jurisdiction" includes lands lying within five miles of the corporate limits. Arkansas Code Annotated § 14-56-413 (a) (1) (A) states that:
 [t]he territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.
If the particular property in question is not being subdivided and no lots or parcels are being platted, then the procedure for ensuring conformity with the City's plans is less clear. With the exception of the plat approval requirement, the state statutes are not explicit in requiring that a developer must receive approval of its plans before beginning construction in a city's five-mile growth area. The municipal planning statutes give the City the authority, however, to enact ordinances and regulations to protect and carry out its plans. See A.C.A. §§ 14-56-412(d) and (e) and 14-56-415. With regard, specifically, to the master street plan, A.C.A. § 14-56-417(b)(5) states that "[t]he regulations [controlling the development of land] shall require the developer to conform to the plan currently in effect." The statute thus clearly envisions that the City planning commission will monitor development within its territorial jurisdiction to accord with the master street plan. And there is a provision stating that "[v]iolations of any provision of ordinances and regulations adopted to carry out the intent of plans shall be considered a misdemeanor." A.C.A. § 14-56-421(a). See also A.C.A. § 14-56-421(b) (regarding the legislative body enjoining violations of a planning ordinance).
Your question may therefore require reference to any ordinances or regulations that have been adopted by the City to enforce its plans. A developer who does not receive City approval before beginning construction in the City's growth area may encounter difficulties in the face of any such measures.
Question 2 — If the City of Centerton has a city planning commission and has development plans for the area within five miles of its corporate limits, does the Benton County Planning Board have any authority to approve commercial developments within this area of jurisdiction?
It is my opinion that the answer to this question is, generally, "no," if the County Planning Board purports to act pursuant to its planning authority in the unincorporated area of the county. (See generally A.C.A. § 14-17-201 et seq., the county planning statutes). This conclusion follows, in my opinion, from the fact that the municipal planning statute granting cities the authority to regulate in the five-mile extraterritorial area states that this authority is "exclusive." A.C.A. § 14-56-413.[2] A recognition of this exclusive authority of cities is also reflected in the statutes governing county planning. See A.C.A. § 14-17-208(i) and (l).
It should perhaps be noted, however, that the City's authority to control the development of land within its extraterritorial area does not include zoning authority. See generally Op. Att'y Gen. 91-340 and Economy Wholesale Co., Inc. v. Rodgers, 232 Ark. 835, 430 S.W.2d 583 (1960) (noting that a land-use plan is not a zoning ordinance). I have thus previously opined that a county generally retains the power to enforce its zoning ordinance in a city's growth area. See Op. Att'y Gen. 99-274. A zoning ordinance is enforced through the denial of building and use permits. A.C.A. § 14-17-209 (Repl. 1998).[3]
While this zoning authority must therefore be noted when determining the extent of the County Planning Board's authority in the City's five-mile growth area, it is my opinion that the City has "exclusive" authority to regulate planning in this area under the municipal planning statutes. A.C.A. § 14-56-413(a)(1)(A) (supra). Accordingly, in my opinion, a city's validly enacted planning regulations should take precedence over a county planning board's efforts to enforce county planning regulations in the city's five-mile growth area. Accord Op. Att'y Gen. 2001-132
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As you note, the planning jurisdiction of a city having a planning commission is "exclusive" and extends five (5) miles from the corporate limits. A.C.A. § 14-56-413(a)(1)(A) (Repl. 1998). The authority that cities are granted in the five-mile growth area are those planning powers that are outlined in A.C.A. § 14-56-401 et seq., the subchapter on municipal planning. These powers include the preparation of plans, including a master street plan, a land use plan, and a community facilities plan. See A.C.A. § 14-56-412.
[2] An exception to cities' exclusive authority applies in cases where unincorporated areas are being developed with federal funds. See A.C.A. § 14-17-210.
[3] Section 14-17-209(b) states that "[i]n the development of zoning districts and their boundaries, due consideration shall be given to the adopted plans of municipal planning commissions for extraterritorial planning areas."