The Honorable Stan Berry State Representative Post Office Box 64 Dover, AR 72837-0064
Dear Representative Berry:
I am writing in response to your request for my opinion on the following question:
 Would A.C.A. § 14-56-305 give a City Council the authority to create exceptions for business use that is not contained in the City's zoning ordinance?
RESPONSE
The answer to this question is, generally, "yes," assuming that by "exceptions for business use" you mean special permission to construct or carry on a business that is not authorized to be conducted in a given zone. Indeed, this is precisely what the statute authorizes, as long as the exception is made "for good cause."
Section 14-56-305 states:
 (a)(1) When the city council shall have laid off zones, it shall not be lawful for anyone to construct or carry on within a given zone any business not authorized by the ordinance of the city establishing it, unless with special permission granted by the council of the city, or by a commission which it may create for the purpose of determining whether an exception shall be made, in the particular instance.
(2) Exceptions shall be made only for good cause.
 (b) In case of abuse, the adjacent property owners shall have the right to appeal to the courts of chancery to protect their property from depreciation by reason of the setting up of exceptional business within the zone.
A.C.A. § 14-56-305 (Repl. 1998) (emphasis added).
As you can see, the statute allows for the "setting up of exceptional business within the zone." Id. at subsection (b). It contemplates making an "exception . . . in the particular instance" through a grant of "special permission" to construct or carry on a business that is not authorized to be conducted in a given zone. Id. at (a)(1). The statute thus authorizes individualized exceptions "for good cause." The city council may reserve this power to itself. See Economy Wholesale Co.,Inc. v. Rodgers, 232 Ark. 835, 838, 340 S.W.2d 583 (1960) (observing that the Searcy city council by its original zoning ordinance elected to reserve to itself the power to issue permits for non-conforming uses, rather than to delegate that power to a subordinate commission as it had the option of doing under A.S.A. § 19-2806 (now codified as A.C.A. §14-56-305). See also generally Herring v. Stannus, 169 Ark. 244,275 S.W. 321 (1925) (involving an application to construct a filling station in a residential area).
With regard to the requirement that exceptions be made for "good cause" only, the court will presume that the city acted in a "fair, just and reasonable manner" and will not set aside a city council's findings unless that "the facts clearly show that the council acted unreasonably and arbitrarily." Economy Wholesale Co., Inc., 232 Ark. at 839. See alsoStuttgart Shoe v. City of Stuttgart, 241 Ark. 252, 407 S.W.2d 104
(1966); City of Little Rock v. Breeding, 273 Ark. 437, 619 S.W.2d 664
(1981).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh