CITY OF LITTLE ROCK *v*. McKENZIE.

5-3436                                     386 S. W. 2d 697

Opinion Delivered February 15, 1965.

*Perry V. Whitmore, Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*W. J. Walker,* for appellee.

GEORGE ROSE SMITH, J.   John Harvey Baird, the principal appellant, owns Block 9 in Pleasant Hills Addition to the city of Little Rock. The block was formerly zoned for one-family residential use only. Upon Baird's application the city's Board of Directors, acting upon the unanimous recommendation of nine members of the Planning Commission, rezoned the block to permit its east half to be used for quiet businesses, such as professional offices, beauty shops, libraries, and the like, and the west half for apartments not exceeding three stories in height. This suit was brought by the appellees, neighboring property owners, to set aside the rezoning ordinance. After an extended hearing the chancellor granted the relief sought, holding that the city had acted arbitrarily in changing the classification of the block.

The facts are as nearly undisputed as they are apt to be in a case of this kind. The block in question is about 300 feet square and is bordered on the east by University Avenue. University was formerly a quiet street, but

in 1961 the city completed a renovation by which University became one of the three or four most heavily traveled thoroughfares in Little Rock. It is now a four-lane street, divided by a median strip. Its daily traffic count exceeds 11,000 vehicles, consisting of trucks as well as cars. At night the street is brightly illuminated by mercury-vapor lights.

Block 9 is completely vacant. Almost without dispute the testimony shows that its east half, since the widening of University Avenue, is no longer suited to residential use if the houses to be built are to face University. Several of the protesting landowners candidly admitted this to be true; there is hardly a line of testimony to the contrary.

In an effort to support their contention that the block should not have been rezoned the plaintiffs offered the testimony of Max Mehlburger, a civil engineer. This witness had prepared three proposals for the continued residential use of the block—all involving its re-platting. One plan need not be discussed, for it leaves some of the lots still fronting on University. Both the other proposals contemplate that Block 9 would be consolidated with Block 8 to the north, the intervening street being vacated. The owners would then dedicate a new street in the center of the tract, parallel to University, so that the homes would not have to face that busy thoroughfare.

Mehlburger's proposals are not really practical. The defendant Baird does not own Block 8; so both proposals would depend upon the co-operation of the owner of that block. There is no assurance that the intervening street could be vacated, for that is a matter within the discretion of the city directors. Finally, Mehlburger's suggestions would require the owners of the two blocks to give up a forty-, or fifty-foot strip of their land for the dedication of a new and otherwise unnecessary street. It cannot be said that the city Planning Commission acted arbitrarily in concluding that Baird ought not to be driven to such dubious extremes in order to put his property to any practical use.

There is persuasive proof that the challenged rezoning ordinance is an instance of sound city planning. What we have already said indicates that the reclassification of the east half of the block, bordering on University, was not a capricious step. According to the witness Barnes the accompanying rezoning of the west half of the block for apartment houses provides a desirable buffer in the transition from the commercial lots along University to the residential area lying west of this block.

Before the block now in controversy was rezoned the city had already rezoned, in exactly the same way, the block that borders Baird's property on the south. At the time of the trial this adjoining block was the site of a new diagnostic clinic, which falls within the "quiet business" classification. This fact alone is sufficient to show that the rezoning of Baird's block was not unreasonable, for we have said that "any attempt on the part of the city council to restrict the growth of an established business district is arbitrary. When a business district has been rightly established, the right of owners of property adjacent thereto cannot be restricted, so as to prevent them from using it as business property." *Little Rock v. Pfeifer,* 169 Ark. 1027, 277 S. W. 883.

All the protesting plaintiffs who testified in the court below gave essentially the same reason for their opposition to the rezoning ordinance; namely, that it will depreciate the value of their homes (which were built before University Avenue was widened). We are not insensitive to this hardship. Yet in every case such as this one a similar loss in property values must be suffered by one side or the other. When the change in University Avenue rendered Baird's property unfit for residential use the present conflict became unavoidable. In resolving this conflict we cannot substitute our judgment for that of the zoning authorities. We must uphold their decision unless we can say that it is arbitrary and capricious. *Economy Wholesale Co. v. Rodgers,* 232 Ark. 835, 340 S. W. 2d 583. In view of the undisputed facts

12

before us we cannot conscientiously declare that the city's decision to rezone this block is without any reasonable foundation.

Reversed.