LINDSEY *v.* CITY OF CAMDEN

5-3612                                                      393 S. W. 2d 864

Opinion delivered September 27, 1965.

*Rose, Nash, House, Barron, Nash & Williamson,* for appellant.

*Gaughan & Laney,* for appellee.

ED. F. McFADDIN, *Associate Justice.* This is a zoning case. Appellants sought the rezoning of four pieces of property in the City of Camden from Residential (R-2) property to Business (B-2) property. After the Camden Planning Commission unanimously refused the request, and after the City Board of Directors likewise unanimously refused the request, the appellants filed suit in the Chancery Court. They alleged, *inter alia*:

"The action of the city in refusing to rezone the property from residential to business or commercial zone was arbitrary, without legal foundation, and is depriving plaintiffs of their property without due process of law in violation of their constitutional rights under both the state and federal constitutions. Plaintiffs allege that the said property is in fact commercial property and that it should have been rezoned as such."

There was an extended and patient hearing in the Chancery Court. More than a score of witnesses testified. The record before us contains 560 pages with several scores of exhibits, consisting of maps, diagrams, and photographs. The Chancery Court found that the petition was without equity and dismissed it. From that decree appellants bring this appeal, urging only one point:

"The action of the Chancellor in restricting the growth of an established business district is arbitrary, and his findings are contrary to the preponderance of the evidence."

To abstract the testimony, even briefly, would serve no useful purpose. Witnesses for the appellants supported their claim; and witnesses for the City testified equally strong in opposing the claim for rezoning. If we would believe the appellants the Planning Commission and the City Board of Directors of Camden are opposed to all development of the business district of Camden. If we would believe the appellee then the appellants are real estate speculators who purchased their holdings for the purpose of reaping an enormous profit from rezoning, and this seems to be the third attempt to get such rezoning.

Which side is right? The Chancellor—and he was a splendid and discerning Judge—heard the witnesses and knew the property. He found that the petition for rezoning "was without equity." In *City of Little Rock* v. *Garner,* 235 362, 360 S.W. 2d 116, we pointed out: (a) that in the chancery court the burden was on the petitioners to prove by the preponderance of the evidence that the action of the City—in refusing rezoning—had been arbitrary; and (b) that when the case reaches this Court on appeal the question before us is whether the finding of the Chancery Court is contrary to the preponderance of the evidence. Testing the present case by our previous holdings, as reflected by the Garner case, we are unable to say that the Chancery decree is against

the preponderance of the evidence; so the decree is affirmed.

Robinson, J., dissents.