DOWNS *v.* CITY OF LITTLE ROCK

5-3842                                                401 S. W. 2d 210

Opinion delivered April 11, 1966

*Lester & Shults,* for appellant.

*Joseph C. Kemp,* City Attorney, By *Perry V. Whitmore,* Asst. City Attorney, for appellee.

CARLETON HARRIS, Chief Justice. This is a zoning case. Dr. John W. Downs and Dr. G. Grimsley Graham, plaintiffs in the court below, and Lowery Dunn and Maye L. Dunn, interveners below, filed a petition with the Little Rock Planning Commission, wherein they sought to have two lots (Lots 12 and 13, Block 7, Elmhurst Addition to the City of Little Rock, Lot 13 lying at the northwest corner of Beechwood Road and West Markham Street) rezoned. The lots are platted to lie 140 feet on West Markham Street and 100 feet on Beechwood Road, and are presently zoned as "B" Residential District. Appellants desire to have the property rezoned to "E-1" Quiet Business District. These parties have entered into a contract to sell the property to Dr. S. W. Boellner, subject to the rezoning, and Dr. Boellner desires to construct a doctors' clinic for two offices, with parking spaces for sixteen cars, on the two lots. The city of Little Rock refused a petition to rezone the property as requested, and Downs and Graham instituted suit in the Chancery Court of Pulaski County,[1] wherein they sought to enjoin the city and its officials from interfering with appellants' use of these lands for purposes authorized by an "E-1" Quiet Business District zoning classification. On trial, the court refused to grant the relief and dismissed the complaint. For reversal, appellants rely upon a single point, *viz,* "The Chancery Court erred in its finding that the refusal of the city of Little Rock to rezone the property 'E-1' Quiet Business District was not arbitrary."

The proof reflects that Lot 13 is approximately 50 feet by 140 feet, and a three bedroom house occupies the property. The house originally rented for $110.00 a month, but at the present time is renting for $75.00 a month. Dr. Downs testified that it was necessary to

---

[1]Downs and Graham own Lot 13. Lowery Dunn and wife, owners of Lot 12, together with Dr. Sam W. Boellner, intervened, seeking the same relief.

lower the rent in order to keep the property occupied, since it was undesirable, principally because of traffic conditions on Markham Street. All property west, between Beechwood and Jackson Streets (a distance of four blocks) is residential, and the property east of Beechwood is classified as residential for one block. Actually, some advertising signs appear in this block, but this is a non-conforming use.[2] Between Ash and Walnut (one block farther east) the property adjacent to Markham is zoned as "D" Apartments; the next block (Walnut to Rose) is "E-1" Quiet Business, and Rose to Elm is zoned "F" Commercial. Evidence was offered that the latest traffic count on West Markham, taken 100 feet west of Beechwood, reflected west bound traffic of 11,338 vehicles per 24 hour period, and east bound traffic of 11,055 vehicles for the same period. It is pointed out that this is more than double the traffic on Broadway near Fourteenth Street. The proof reflected that Peck's Drive-In is located at the northeast corner of Ash and Markham; however, this is also a non-conforming use. Testimony was offered that the Federal Housing Administration refused to insure a loan on property located at 4938 West Markham[3] because of the fact that the marketability of the property was "too adversely affected by commercial encroachment, fast, heavy traffic, and dangerous vehicular entrance and exit from property to warrant mortgage insurance." It is argued that the proposed office building offers a proper buffer between heavily traveled West Markham Street and the residential area lying north of the property. Appellants contend that the overwhelming weight of the testimony establishes that the lots in question are no longer suitable or desirable for residential purposes, and that the Chancery Court erred in holding

[2]This term denotes that outdoor signs were being placed on the property before the zoning ordinance was passed, and were therefore not affected.

[3]This property is apparently located between Monroe and Jackson Streets, approximately two and one-half to three blocks away from the property in question, though it is spoken of in the brief as being one block away. This difference in distance is immaterial in reaching a decision in this litigation.

that the city of Little Rock was not arbitrary in refusing to change the zoning classification.

Three residents of the area (Elmhurst Addition) testified that they objected to the granting of the petition, principally because they felt that it was an opening wedge that would eventually result in the property in the area becoming classified as commercial property. The city further offered evidence that the granting of the petition would adversely affect the other property owners in the near vicinity, *i.e.,* rezoning the particular property in question would have an adverse effect on the area north which is all residential for at least 600 feet.

We are unable to say that the court erred in refusing to grant appellants relief. It may well be true that the best use for these particular lots, and the most remunerative to the owners, is for a doctors' office building or clinic. It is also true that property bordering a heavily traveled street is not the most ideal location for a residence, but these are not the only facts to be considered. The composition of the entire area must be taken into consideration, and it is undisputed that both the area to the west of Beechwood for several blocks, and the area north of Markham and Beechwood for a similar distance are completely residential. The benefit to a few individuals cannot be allowed to override the best interests of the residents of the overall area. The Planning Commission has apparently spent long hours in rezoning property in the city of Little Rock with the view of establishing a long-range program, one that will best fit the needs of an expanding city in future years.

Appellants point to our decisions in the cases of *City of Little Rock* v. *Andres,* 237 Ark. 658, 375 S. W. 2d 370, and *City of Little Rock* v. *Gardner,* 239 Ark. 54, 386 S. W. 2d 923, where we approved rezoning of certain property on Broadway, and they assert that there is just as much reason to approve rezoning the property in question as there was to approve the rezoning of the

property in those cases. Offhand, it is at once obvious that there are two distinct differences in these situations. In the first place, we *affirmed* the holding of the Chancery Court in those cases, *i.e.*, we held that the court's finding that the city of Little Rock acted arbitrarily in denying the petitions for rezoning, was not against the preponderance of the evidence. Perhaps a more important reason is pointed out in the opinion in *City of Little Rock* v. *Andres, supra,* where we said:

"As Broadway changed from a residential street to an important commercial thoroughfare, property adjoining the street became progressively undesirable as a family district. Those who built the fine homes originally have moved from the street to other sections of the city. Some of the old homes have become rooming houses; some of the owners of property on the street testified that they cannot get satisfactory tenants who will pay the rent; other houses are vacant and becoming uninhabitable; some have been condemned."

Here, of course, the Chancery Court held that the action of the city of Little Rock was *not* arbitrary, and to grant the relief sought by appellants, it would be necessary for us to say that this finding was against the preponderance of the evidence. This, we are unable to do. Furthermore, the homes composing the residential area in this case are not being allowed to deteriorate, nor is there any evidence that the houses are becoming vacant, uninhabitable, or have been condemned. Though, from the testimony, it appears that most of the homes are in the moderate price range, Elmhurst Addition has maintained its residential character.

It should also be borne in mind that there are no alleys in the affected vicinity, north of the property involved, which could serve as a buffer between the non-residential use sought and the residential area which lies north of these lots. The situation here is thus contrary to that in *City of Little Rock* v. *McKenzie,* 239 Ark. 9, 386 S. W. 2d 697.

Probably, it would be most difficult to determine petitions for rezoning in any of the old additions without encountering individual cases of hardship, but the line must be drawn at some point. If this property were rezoned, where would the rezoning end? If these two lots are to be placed in a different category than "B" Residential District, why should not the lot just north of Lot 12 be placed in the same category—and so on *ad infinitum*?

In accord with what has been said, we are unable, under the present facts and circumstances, to say that the Chancellor's findings were against the preponderance of the evidence.

Affirmed.