CITY OF LITTLE ROCK *v.* MILES

5-3864                                              401 S. W. 2d 741

Opinion delivered April 25, 1966

*Joseph Kemp* and *Perry Whitmore,* for appellant.

*Phillip Carroll,* for appellee.

FRANK HOLT, Justice. This is a zoning case in which the appellees sought the rezoning of their property from an E-1 Quiet Business to F Commercial classification. The Planning Commission denied the appellees' application and on appeal the Board of Directors of the City of Little Rock affirmed the action. The appellees then filed suit in the chancery court seeking to restrain and enjoin the appellant from denying them the use of their property for F Commercial purposes. From the decree granting the injunction appellant brings this appeal.

For reversal appellant contends that the chancery court erred in its finding that the refusal of appellant to rezone appellees' property was arbitrary. On appeal we determine only whether the chancellor's finding that the city acted unreasonably and arbitrarily is

contrary to the preponderance of the evidence. *Lindsey, et al, v. City of Camden*, 239 Ark. 736, 393 S. W. 2d 864.

The appellees' property is located at the northeast intersection of Roosevelt Road (25th Street) and Gaines Street. Situated upon the property are two old apartment houses. Across an alley and adjacent to the property on the east is a Gulf Oil Service Station. Directly across Roosevelt Road from this business is another service station occupied by the American Oil Company. Immediately south and across Roosevelt Road from the property is a house which has been abandoned for several years. Diagonally and to the southwest is an abandoned high school. All of the half block facing Gaines Street, of which appellees' property is a part, is zoned E-1 Quiet Business. The other half of the block, which faces Arch Street or eastward, is zoned F Commercial. These two half blocks are separated by an alley. As stated, the property adjoins Roosevelt Road, a thoroughfare with a traffic count of approximately 17,000 to 18,-000 vehicles per day which appears to be increasing. The property is adjacent to a large area which is zoned and being used for commercial purposes. It seems undisputed that the highest and best use of the property is for commercial purposes.

In refusing to rezone this property the appellant argues that the present zoning meets the community's commercial needs and that the present classification (E-1 Quiet Commercial) is a proper attempt to limit the property to a. use which is reasonable compatible with the "F Commercial" uses lying eastwardly across the alley and yet somewhat in harmony with the residential uses of property lying westwardly across Gaines Street. In other words, appellees' property should be used as a buffer to protect other property owners in this area. It is significant that not a single witness who owned property in this area appeared to substantiate appellant's position or protest the application. To the contrary, there were property owners in the affected area who testified that they approved of the rezoning

and it would not be harmful to their property. It appears undisputed that this area includes older residential parts of the city and is in a state of transition.

In approving rezoning in *City of Little Rock* v. *Andres,* 237 Ark. 658, 375 S. W. 2d 370, from ''C-2 Family District'' to ''F Commercial'' we said:

> ''As Broadway changed from a residential street to an important commercial thoroughfare, property adjoining the street became progressively undesirable as a family district. * * *

> All of the property is worth very little as residential property.''

A number of the factors present in the *Andres* case are present in the case at bar. Furthermore, it is noted that the degree of transition requested by appellees' application is actually less of an impact upon rezoning than that sought and approved in the *Andres* case.

An inconsistency in appellant's position is indicated by the fact that other nearby property has been zoned for commercial purposes without any request from the property owners for this classification. It appears that such property, which is not on the thoroughfare, is not as suitable for commercial purposes as is appellees'.

It is our well settled rule that the findings of the chancellor, who sees and hears the witnesses, will not be disturbed on appeal unless against the preponderance of the evidence. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517. It necessarily follows that this decree must be affirmed for we cannot say that the chancellor's finding is contrary to the preponderance of the evidence.

Affirmed.