CITY OF LITTLE ROCK ET AL *v.* FAITH EVANGELICAL LUTHERAN CHURCH ET AL

5-3970                               406 S. W. 2d 875
Opinion delivered October 17, 1966

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellants.

*Lester & Shults*, for appellees.

CARLETON HARRIS, Chief Justice. This appeal relates to a petition for re-zoning. Appellees own properties on the north side of West Markham Street in Little Rock, lying immediately east of the intersection of Jackson and West Markham Streets. The owners desire to sell their respective properties to the Texaco Oil Company which plans to construct a service station thereon. Under city ordinance, the lands are zoned "B" Residential District, and appellees filed a petition seeking to have the properties re-zoned as "F" Commercial. The Board of Directors of Little Rock denied the petition, thus supporting the view held by the Planning Commission. Appellees appealed to the Pulaski County Chancery Court (First Division), and that court held that the city had acted arbitrarily and capriciously in refusing to re-zone the properties to "F" Commercial; the court enjoined the city from interfering with appellees or their assigns in using the properties in question for purposes permitted under the "F" Commercial zoning classification, and directed the city to issue a building permit to appellees or their assigns authorizing the construction of improvements on these properties that met the requirements of an "F" Commercial classification. From the decree so entered, appellant[1] brings this appeal. For reversal, it is asserted that the Chancery Court erred in finding that the refusal of the City of Little Rock to re-zone the property to "F" Commercial was arbitrary.

Faith Evangelical Lutheran Church is located at the intersection of West Markham and Jackson Streets, and this property fronts on West Markham for a distance of 100 feet from the intersection. The testimony reflected that the membership of the church had expanded from 57 members in 1959 to 261 members at the present time, and the membership has simply outgrown the church building. The congregation is building a new

[1]The City of Little Rock, its Mayor, and Board of Directors, are all named defendants, but we shall refer to these parties in the singular.

church at Mississippi and Markham, and desires to sell the present property to Texaco.

The property of Mr. and Mrs. Oliver Henry is immediately east of the church property (a distance of 50 feet), and the remaining appellee, Ivan H. Smith, owns the 50 feet immediately east of the Henry property. The residences of Henry and Smith are located on their respective lots.

Mr. Smith testified on behalf of the appellees, and stated that, when he first purchased his property, West Markham was a two-lane street, with no commercial property in the area except for a small barbecue stand on the northwest corner of Markham and Van Buren Streets. A short time after his purchase, the northeast corner of Van Buren and West Markham was re-zoned for commercial property and an Esso station was built thereon. Sometime later the block between Van Buren and Jackson (north of West Markham) was re-zoned as commercial property, and a D-X service station was placed on the corner of Jackson and West Markham, just across from the Lutheran Church. Smith canvassed the neighborhood, taking a petition to everyone on Monroe Street, the block affected on West Markham, North Jackson and Brickton Place, and he stated that only two people, both in Brickton Place, refused to sign the petition. At the present time, all property bordering West Markham from Jackson Street west to University Avenue is zoned either as ''F'' Commercial or ''E-1'' Quiet Business.[2] Mr. Smith testified that the several houses which are located between Jackson and Monroe Streets are all rental property, except the two belonging to the witness and Henry; that after Markham Street was widened, the traffic increased immeasurably, and the noise has increased to a point where he cannot hear tele-

---

[2]From Jackson Street to Van Buren and about 1/3 of the block from Van Buren to Harrison, the zoning is "F" commercial; for the balance of the block to Harrison, and from Harrison to Tyler, from Tyler to Polk, from Polk to Taylor, from Taylor to Fillmore, from Fillmore to Pierce, and about ¾ of the area from Pierce to University, the zoning is "E-1" Quiet Business.

vision in the front room of his house if the door is open. Mr. Smith further stated that mercury lights have been installed on Markham "so that the light makes it just like day time all the time," and that he had put up heavy draperies throughout the house to keep out this light.

Mr. James H. Larrison, a Little Rock realtor and appraiser, testified that the present zoning classification of the properties here involved is not an appropriate one, due primarily to the continuing build-up of traffic on Markham Street; he stated however that, to determine the highest compatible use which could be made of the church property, a study would have to be made, but he was emphatic that it could not be feasibly converted to a single family residence.

Russell McLean, a professional real estate appraiser, testified that there are many nice homes in the general area. He specifically mentioned Brickton Place, a sub-division about ten years old, which is located just north of the properties here under discussion.[3] In the opinion of Mr. McLean, the use of the properties belonging to appellees as a service station site would adversely affect the use of other properties in the area for residential use. He stated that the service station on the other side of Jackson Street did not have this same adverse effect because the street itself acted as a buffer. It was his opinion that the highest compatible use of the property presently occupied by the church would be office use; for instance, a doctor's office or insurance office. Mr. McLean agreed with Mr. Larrison that it would not be economically feasible to redevelop the property for single family residential use. W. D. Kelly, who lives at No. 7 Brickton Place, voiced his objection to the re-zoning of the properties for use as a service station site.

Henry DeNoble, Director of Planning, and Traffic

---

[3] Brickton Place is a sub-division of ten or twelve houses, which sell in a price range of $16,000.00 to $20,000.00.

Engineer, for the city, stated that he felt that, since the church group no longer intended to use its building, the property should be rezoned as "E-1" Quiet Business, which fits in with residential type use. Mr. DeNoble agreed with Larrison and McLean that "B" Residential is not the appropriate zoning classification. It was the opinion of the witness that if the properties here involved were re-zoned to "F" Commercial, there would be nothing to prevent this same zoning all the way down West Markham Street; DeNoble felt that commercial zoning had been successfully stopped at Van Buren because of the use of the "E-1" Quiet Business zone classification.

In rebuttal, appellees offered a report of the Federal Housing Administration (which referred to the property owned by Henry) wherein the F.H.A. denied mortgage insurance because "continuing marketability is too adversely affected by commercial encroachment, fast, heavy traffic, and dangerous vehicular entrance and exit from property to warrant mortgage insurance."

We think the court erred in holding that the city acted arbitrarily in refusing to re-zone this property as "F" Commercial. We agree that the West Markham Street location is not ideal, mainly because of the large volume of traffic, for residential property, but, as pointed out by the city's witnesses, the effect of re-zoning upon surrounding property must also be considered. Such re-zoning, according to the evidence, would have an adverse effect upon surrounding residential property, including Brickton Place. Apparently the intersection of Jackson Street and West Markham was considered (by the Planning Commission) a proper boundary for a "break" for the reason that the church building separated the residential property from the commercial property west of Jackson. Of course, the current problem has arisen because of the fact that the present church building is not adequate for the growth of the congregation. Appellant's witnesses recognize that it would be impractical to try and convert the church prop-

erty to residential use, and with this testimony we completely agree. However, that fact does not mean that the answer is to re-zone to ''F'' Commercial. For that matter, neither of the real estate appraisers testified that ''F'' Commercial would be the most appropriate use for the properties. Mr. Larrison, who testified on behalf of appellees, would only say that the properties would not be appropriate for single family residence, and he testified that a study would have to be made to determine the highest compatible use that could be made of the church property. Mr. McLean testified that the best and most appropriate use of the church property would be for clinics or offices, and this view was also concurred in by Mr. DeNoble. In other words, the last two witnesses are of the view that ''E-1'' Quiet Business is the proper classification, since this classification is ideal as a buffer between residential and commercial zones, and will fit in with residential use.

It is not likely, in any re-zoning case, that a solution could be reached which would afford complete equity and satisfaction to all parties. As in other matters, the welfare of all concerned must be taken into consideration. We stated in *Downs* v. *City of Little Rock,* 240 Ark. 623, 401 S. W. 2d 210:

''The composition of the entire area must be taken into consideration, and it is undisputed that both the area to the west of Beechwood for several blocks, and the area north of Markham and Beechwood for a similar distance are completely residential. The benefit to a few individuals cannot be allowed to override the best interests of the residents of the overall area. The Planning Commission has apparently spent long hours in rezoning property in the city of Little Rock with the view of establishing a long-range program, one that will best fit the needs of an expanding city in future years.''

Unquestionably, if this property is re-zoned as ''F'' Commercial, there is no reason why the adjoining owner

would not be entitled to the same classification, and likewise all the way down West Markham Street.

From what has been said, it is evident that we do not consider the refusal of the City of Little Rock to re-zone these properties to "F" Commercial to be an arbitrary decision, and it follows that the court erred in so holding. On the other hand, we are just as convinced that the church property cannot suitably be converted into residential property. In our view, the evidence clearly indicates that a re-zoning to "E-1" Quiet Business would be the proper classification for the properties here involved. Apparently there has been no recommendation from the Planning Commission for this type of re-zoning, nor has there been an application from appellees requesting this particular change in zoning. Nonetheless, in reaching the conclusion that the Chancery Court erred in allowing the "F" Commercial re-zoning, we take into consideration the evidence of Larrison, McLean and DeNoble (heretofore discussed) relating to a proper classification for these properties.

Reversed.