Carl RIDDELL, et al *v.* CITY
OF BRINKLEY, Arkansas, et al

80-268                                    612 S.W. 2d 116

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*Daggett, Daggett & Van Dover*, and *Steven W. Elledge*, for appellants.

*Burke & Eldridge*, by: *John R. Eldridge* and *Dan Kennett*, for appellees.

DARRELL HICKMAN, Justice. This is a zoning case from the City of Brinkley, Arkansas. The chancellor found valid a city ordinance that rezoned a tract of land on Brinkley's southwest city limits.

On appeal the appellants argue that the chancellor was wrong because the ordinance was arbitrary, capricious, and amounted to spot zoning. We disagree and affirm the decree.

The tract in question is on the city limits of Brinkley, Arkansas, and is part of a larger tract which was zoned R-1, for residential purposes only, in 1967. At that time the City of Brinkley adopted a comprehensive plan and, anticipating residential growth toward this area, zoned the tract R-1. However, the evidence reflects that it was not then used for that purpose nor has it been developed as residential property since then. In fact, there was considerable evidence that it was not suitable to be used exclusively for residential purposes.

The appellee landowners, who include a company named Eldridge Supply, Inc., sought the rezoning in 1975 because Eldridge wanted to build an International Harvester retail sales and service building on the land. Eldridge owns seventeen acres of which about half is in the city limits. Ninety percent of the landowners joined in the petition.

Objections to this petition were made by several parties, including nearby residential owners and others who were interested in preventing a change. The matter was presented in a hearing to the City Planning Board which divided on the issue; two were in favor of the rezoning; two were against it; one member was absent, and one member abstained. The City Council also had a hearing on the matter where all parties had a chance to testify; the Council voted five to two to grant the change.

The matter was appealed to the Monroe Chancery Court. Several expert witnesses testified. C. V. Barnes, a licensed realtor, testified for the appellants and concluded that the rezoning amounted to spot rezoning. An expert witness for the appellees, who was identified as a consulting planner from Fayetteville, testified to the contrary. Other witnesses included the appellees and appellants who were all landowners or interested parties.

The chancellor, in a comprehensive memorandum opinion, carefully explained his findings that this was not spot zoning and that the action of the City Council was not arbitrary. Summarized, those findings are: 1. There was no development of any kind in the area rezoned; 2. With certain exceptions, there was no development within the entire two or three hundred acres originally zoned R-1. This area was separated from the developed area of the city by additional residential zones which remained raw and undeveloped property; 3. When the ordinance was originally adopted, it was projected that residential growth would be to the south and across the area rezoned. This development has not occurred; 4. The land immediately north of this tract was zoned commercial but little or no commercial use has developed. The land to the south and west was outside the city limits and was not classified; 5. One residence, outside the city limits, is located adjacent to the rezoned strip and was in existence when the land was zoned originally. However, a commercial aviation activity has been used in connection with this residence; 6. Immediately east and across Highway 49 there is one residence and a sawmill. The sawmill was present before the zoning occurred and was permitted to continue as a nonconforming use; and, 7. There

were residences located several hundred feet north of an intersection between State Highway 232 and U.S. Highway 49. Some of these were erected before the zoning ordinance. Evidence was divided as to whether these homes were adversely affected by the rezoning.

All the rest of the land zoned R-1 was found to be undeveloped. There were no lots, blocks, streets, or utilities.

If the particular tract in question could be identified by a summary it would be fair to say that it is on the outer city limits of the City of Brinkley and is located within a tract of land that was originally designated for residential purposes but had never developed. On one side is the Cotton Belt Railroad and other commercially zoned property. The tract is bounded on another side by a state highway. A U.S. highway separates the appellees' property from the rest of the city.

Did rezoning this property amount to spot zoning? Spot zoning has been defined by several authorities. It has been said that:

> Spot zoning, by definition, is invalid because it amounts to an arbitrary, capricious and unreasonable treatment of a limited area within a particular district. As such, it departs from the comprehensive treatment or privileges not in harmony with the other use classifications in the area and without any apparent circumstances which call for different treatment. Spot zoning almost invariably involves a single parcel or at least a limited area. R. Wright and S. Webber, *Land Use* (1978).

We agree with the chancellor that rezoning this particular tract did not amount to spot zoning and was not an arbitrary act by the City Council. The review of a zoning case is limited to determining whether the decision to rezone is arbitrary and capricious. *City of Little Rock* v. *McKenzie*, 239 Ark. 9, 386 S.W. 2d 697 (1965); *Downs* v. *City of Little Rock*, 240 Ark. 623, 401 S.W. 2d 210 (1966); *James* v. *Price Const. Co.*, 240 Ark. 628, 401 S.W. 2d 206 (1966); *Marling* v. *City of Little Rock*, 245 Ark. 876, 435 S.W. 2d 94 (1968); *Tate*

v. *City of Malvern*, 246 Ark. 316, 438 S.W. 2d 52 (1969). These cases also hold that in order to reverse a chancellor's findings regarding a zoning case we must find that the decree was clearly against the preponderance of the evidence. Rule 52, Rules of Civil Procedure, has redefined that to mean that we must affirm unless the findings are clearly erroneous.

Affirmed.