Donald R. KIRK *v.* THE CITY OF LITTLE ROCK et al

81-203                                                          628 S.W. 2d 21

Supreme Court of Arkansas
Opinion delivered February 16, 1982

*Henry & Duckett,* by: *David P. Henry,* for appellant.

*R. Jack McGruder,* City Atty., by: *Carolyn B. Wither-spoon,* Asst. City Atty., for appellees.

*Wright, Lindsey & Jennings,* for appellees-intervenors.

RICHARD B. ADKISSON, Chief Justice. Appellee, City of Little Rock, denied an application by appellant, Donald R. Kirk, to rezone 5.9 acres from R-2, single family residential, to MF-12, multifamily. Appellant then filed a complaint in Pulaski Chancery Court seeking to enjoin appellee from interfering with his desired use of the property. The trial court permitted the Caring Property Owners Association, an unincorporated association formed to oppose rezoning of the property in question, to intervene. The chancellor held the denial of the rezoning application by appellee was not arbitrary or capricious and did not deprive appellant of all reasonable use of his property. On appeal we affirm.

The property in question is located on the north side of West Markham Street, three blocks east of the intersection of

Markham and Rodney Parham, and across the street from Brady Elementary School. It is irregular in shape with frontage access to Markham Street through a corridor 50 feet wide and 229 feet deep. It is divided by a drainage ditch; the northern part is ruggedly steep and the southern part is flat.

The property is bordered on the north and east by property zoned single family residential, R-2; on the west by R-2 and R-5, apartment; and on the south by property zoned R-5 and West Markham. Appellant's property is currently zoned R-2; appellant requested rezoning to MF-12 (multi-family, 12 units per acre).

The only issue before the trial court was whether the City acted arbitrarily, capriciously, or unreasonably in refusing to rezone appellant's property. To prove that the City had acted unreasonably, appellant introduced evidence to show that he would be deprived of any reasonable use of his property unless it was rezoned as requested.

Appellant's experts testified that the northern portion of the property could not be developed as single family residential because of the cost, and that the best use for the tract would be a multifamily development of some sort. They gave examples of apartment complexes that adjoin single family residence areas in several parts of Little Rock. However, none of appellant's witnesses testified that the only appropriate zoning for appellant's property was MF-12.

A witness for the appellees, Professor Robert Wright, a land use expert, testified that rezoning the northern portion of the property to MF-12 would not be a compatible land use because it is surrounded by property zoned R-2 on three sides. Professor Wright described this as spot zoning which is shunned by land use experts as improper. Other experts for appellees testified that it would be inappropriate to extend apartments into the adjacent single family developments and that MF-12 zoning would have an adverse impact on these areas. Several property owners testified that they objected to the rezoning because of the possible devaluation

of their homes and because of potential traffic problems which could be created by an apartment complex.

The chancellor resolved this conflict in testimony in favor of appellees, finding that rezoning the entire tract MF-12 would be incompatible with the surrounding neighborhood and would have an adverse impact on homes adjacent to the northern portion of appellant's property. We stated in *Downs* v. *City of Little Rock*, 240 Ark. 623, 401 S.W. 2d 210 (1966) that the composition of the entire area must be taken into consideration in a zoning case. Also, the effect on the surrounding property is a valid consideration as well as the objections of neighboring property owners. *See Marling* v. *City of Little Rock*, 245 Ark. 876, 435 S.W. 2d 94 (1968). After reviewing the testimony, we cannot say that the chancellor clearly erred in finding by a preponderance of the evidence that the City did not act unreasonably in refusing to rezone appellant's property.

Appellant argues that R-2 zoning was unreasonable, but that issue was not before the trial court. The only issue was whether the denial of MF-12 zoning was unreasonable. Testimony revealed that there are other alternative classifications for the property which were not before the trial court.

Appellant argues that the trial court erred in giving equal weight to appellees' experts since they were not informed as to certain engineering problems in connection with development of the property. In matters of credibility we defer to the judgment of the chancellor, who has the advantage of seeing the witnesses as they testify.

Affirmed.