Ewing CLINE, et ux, et al. *v.* CITY OF CLARKSVILLE, et al.

87-286                                             746 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered March 14, 1988

54

*Gardner, Gardner & Hardin*, by: *Richard E. Gardner, Jr.*, for appellants.

*Woolsey & Wilson*, by: *Bruce R. Wilson*, for appellees.

Tom Glaze, Justice. This is a zoning case in which the appellants own houses on three adjacent lots located in an unnamed subdivision in the City of Clarksville. Appellants' lots are zoned residential and are on the east side of Edgewood Street. The property owners (hereafter petitioners) who live on the west side of Edgewood petitioned the Clarksville Planning and Zoning Commission to rezone their lots from residential to commercial. The Commission rejected the request, but in an appeal by the petitioners to the Clarksville City Council, the Council approved the rezoning by a three-to-two vote. The Johnson County Chancery Court subsequently upheld the Council's action which led to this appeal; the appellants contend the chancellor erred (1) in holding that the decision of the appellee was not arbitrary and

capricious; and (2) in deciding the appellants were not entitled to damages as a result of the rezoning. We affirm.

■■ Our review in zoning cases is guided by the rule that the right to and responsibility for classifying the various areas in the city are with the zoning authorities, and their decision will only be disturbed if it is shown that they acted arbitrarily. *City of Little Rock* v. *Parker*, 241 Ark. 381, 407 S.W.2d 921 (1966). Stated in other terms, the chancellor is required to consider whether there was any reasonable basis upon which the city council could base its zoning ruling or decision. *City of Little Rock* v. *Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981). It is also settled law that there is a presumption that the city council acted in a reasonable manner when it either zoned or refused to zone the property, and the burden is on the landowner to show otherwise. *Id.*

Here, we believe the evidence supports the chancellor's decision to affirm the rezoning of the disputed area from residential to commercial, and while the choice was a difficult one, the decision of the Clarksville City Council, the appellee here, was informed and reasoned. The record reflects that the petitioners seeking commercial zoning were prompted to do so by parties who intend to build a new Wal-Mart store on the petitioners' lots. A small commercially-zoned area immediately west of the petitioners' lots includes an existing Wal-Mart store, a Piggly-Wiggly store, a Pizza Hut, a movie store and a car dealership. The appellants' view of that commercial area is obscured only by a narrow strip of trees that are on the backside of petitioners' properties. It is noteworthy that this commercial zone (and some of the businesses) existed when the appellants purchased their lots. Two additional business establishments are located on a lot which is situated at the corner of Edgewood and Sherwood Drive streets and which abuts the petitioners' properties at their north boundary. Unquestionably, the petitioners' lots are situated in an area of commercial development.

When deciding whether petitioners' properties should be zoned commercial, appellee also considered the areas east of Edgewood Street that surround appellants' lots. In doing so, appellee noted that appellants' lots were bounded on the east by county property, which is not zoned at all. Appellee also pointed

to a bowling alley establishment located north of appellants' properties and, south of their properties, to an industrial area situated just beyond a wooded tract. To get to the appellants' properties, a person must turn east off Highway 103 South onto Sherwood Drive and then turn south onto Edgewood, which is a dead-end street that separates the appellants' and petitioners' properties. In traveling this route, one passes a Chevrolet dealership, two retail stores and a commercially-zoned lot to the south, a branch bank, a movie store, a beauty shop, a bowling alley and another commercially-zoned lot to the north.

■ From the foregoing evidence, we can only conclude that the appellee had a reasonable basis upon which it rezoned the petitioners' properties to commercial. Commercial growth surrounded the properties to be rezoned, and the appellants were well aware of the potential growth west of them, since some businesses were already established when the appellants purchased their lots. Even before the petitioners sought commercial zoning of their lots, appellants knew that property to their north had been zoned commercial. They were also aware that two retail businesses were in operation across the street from appellants' properties at the corner of Edgewood and Sherwood Drive streets. These considerations, along with the fact that an industrial area was south of appellants' properties and an unzoned county property abutted their lots to the east, were sufficient to support the chancellor's finding that the appellee's rezoning of petitioners' lots was not arbitrary and capricious.

In their second point for reversal, appellants, citing *First English Evangelical Lutheran Church of Glendale* v. *County of Los Angeles, California*, ___ U.S. ___, 107 S. Ct. 2378 (1987), argue that the appellee's decision to rezone the petitioners' properties actually resulted in an inverse condemnation of appellants' lots. Appellants urge us to remand this cause to the chancellor with directions to transfer the matter to the circuit court to determine the damages they sustained as a result of the appellee's actions. Appellants' argument is without merit.

■ Appellants' reliance on the holding in *First English* is misplaced. There, Los Angeles County adopted an ordinance prohibiting the construction or reconstruction of any building or structure in an interim flood protection area that included a

campground owned by the First English Evangelical Church of Glendale. The church claimed that the ordinance denied the church the use of its campground and sought damages in inverse condemnation for such loss of use. Here, unlike in *First English*, the appellee's zoning action regulated the petitioners' properties, not the appellants'. Although the appellants claim their lots have decreased in value because the appellee rezoned the petitioners' lots to commercial, appellants' use of their properties remains residential; therefore, their use of the properties has not been denied or taken from them.

■ The appellee, on the other hand, was required to give due consideration to the petitioners' request to rezone their lots which are bounded on two sides by commercially-zoned property. *See City of Helena* v. *Barrow*, 241 Ark. 654, 408 S.W.2d 867 (1966); *City of Little Rock* v. *McKenzie*, 239 Ark. 9, 386 S.W.2d 697 (1965). In considering and weighing all the factors that reflect the commercial nature and growth of the area that adjoins and surrounds the petitioners' properties, we must agree with the chancellor that the appellee's decision to rezone these properties to commercial was reasonable.