The Honorable John Bynum Prosecuting Attorney, 5th Judicial District 2312 West 2nd P. O. Box 1587 Russellville, AR 72801
RE: ZONING ORDINANCE TO EXCLUDE HOG FARM OPERATIONS
Dear Mr. Bynum:
This official opinion is in response to your request in which you posed the following two questions.
1. Whether a county has the legal authority to exclude hog farm operations in certain unincorporated areas; and
2. Whether a county has the authority to designate where hog farming operations can be located.
The answer to your first question is yes. Amendment 55, 1 of the Arkansas Constitution provides that a county acting through its quorum court may exercise local legislative authority not denied by the constitution or by law. A.C.A. 14-17-203 (a) provides as follows:
 The county judge of any county may, with the approval of the majority of the members of the county quorum court, create a county planning board. The board shall consist of not less than five (5) members nor more than twelve (12) members appointed by the judge and confirmed by the court. At least one-third (1/3) of the members shall not hold any other elective office or appointment, except membership on a municipal or joint planning commission or a zoning board of adjustment.
A.C.A. 14-17-205 (f) provides as follows:
 The board shall have such powers, duties, and functions in the areas of plan adoption and enforcement, subdivision, and zoning as specified in 14-17-207 — 14-17-209 and such other duties as may be assigned by the court.
A.C.A. 14-17-209 (a) and (d) provide as follows:
 (a) The county planning board shall have authority to prepare, or to cause to be prepared, a zoning ordinance for all or part of the unincorporated area of the county, which ordinance shall include both a map and a text. The zoning ordinance may regulate the location, height, bulk, number of stories, and the size of building; open space; lot coverage; density and distribution of population; and the uses of land, buildings, and structures. . . . It may provide for . . . the control and elimination of uses not in conformance with provisions of the ordinance, and for such other matters as are necessary to the health, safety, and general welfare of the county. . . . The regulations imposed within each district or zone shall be uniform throughout the district or zone.
 (d) It shall be unlawful to erect, construct, reconstruct, alter, maintain, or use any land, building, or structure in violation of any ordinance of the county quorum court.
However, in adopting a zoning ordinance the county quorum court should be aware of at least three possible problem areas. First, a zoning ordinance or enactment may not be upheld unless it is a valid exercise of the county's police powers, and such ordinance must bear a definite relation to the health, safety, morals, and general welfare of the inhabitants of the county where the property zoned is situated. W.C. McMinn Co., Inc. v. City of Little Rock, 257 Ark. 442, 516 S.W.2d 584 (1974); also Corder v. City of Sherwood, 579 F. Supp. 1042 (E.D.AR 1984). Zoning ordinances are in derogation of common law and, as result, are strictly construed in favor of the property owner. A zoning ordinance must not be arbitrary, capricious, or unreasonable. The Arkansas Supreme Court has determined that a zoning ordinance is arbitrary when it arises from unrestrained exercise of will, caprice, or personal preference; based on random or convenient selection or choice rather than reason or notice. City of Little Rock v. Parker, 241 Ark. 381, 407 S.W.2d 921 (1966); City of Blytheville v. Thompson, et al, 254 Ark. 46, 491 S.W.2d 769
(1973). As a result, there should be some consistent plan, for example, an expansion of an existing municipality into an unincorporated area.
In addition, another restriction on the police powers and the authority of the county to adopt zoning ordinance is found in Article 2, 22 of the Arkansas Constitution. This article and section provide that:
 The right of property is before and higher than any constitutional sanction, and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.
Whether or not a county ordinance is contrary to Article 2, 22 must be determined on a case by case basis. Pennsylvania Coal Co. v. Mahon, 260 U.S. 393 (1922). Some of the factors that are used in determining whether a taking of land without just compensation has occurred are found in Vol. 3, UALR Law Journal 421 and are stated as follows:
 The public interest (weighed on the jurisdictional scale of values) + public harm (to be prevented, if any) + interest of other land owners (not the public generally) — severity of loss to complaining land owner and — public benefits unrelated to preventing harm or to the neutral public interest = either a valid exercise of the police power or a taking.
At page 438.
Finally, a critical area of concern with respect to a county zoning ordinances is found in A.C.A. 2-4-101 et seq. A.C.A.2-4-105 provides as follows:
 Any and all ordinances adopted by any municipality or county in which an agricultural facility is located making or having the effect of making the operation of any agricultural facility or its appurtenances a nuisance or providing for an abatement thereof as a nuisance in the circumstances set forth in this chapter are void and shall have no force or effect.
Agriculture facility is defined in A.C.A. 2-4-102 as follows:
 As used in this chapter, unless the context otherwise requires, "agriculture facility" or "facility" means, but is not limited to, any plant, facility, structure, or establishment used for the feeding, growing, production, holding, processing, storage, or distribution for commercial purposes of crops, livestock, poultry, swine, or fish, or products derived from any of them.
Consequently, any county ordinance running afoul of this particular statute would be considered void. It is a valid exercise of the police power of the county to adopt an ordinance to reasonably restrain property owners so as not to cause injury to the property rights of their neighbors. Marling v. City of Little Rock, 245 Ark. 876, 435 S.W.2d 94 (1968); Herring v. Stannus, 169 Ark. 244, 275 S.W.2d 321 (1925). However, any such reasonable restraint by way of an ordinance which would interfere with an existing agricultural facility would be considered void pursuant to A.C.A. 2-4-105.
The answer to your second question should be answered above. It would be consistent to pass an ordinance to establish a certain area in which these facilities could operate if that is consistent with a plan of expansion into an unincorporated area. In other words, the county planning board should have a plan and area of operation for these facilities which would not be contrary to the previously cited problems.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.